## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KAREN S. JENNINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | _____ |
| ) | |
| **SANTANDER CONSUMER** ) | |
| **USA, INC.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

This is a complaint against defendant Santander Consumer USA, Inc. ("Santander" or "defendant"). Karen S. Jennings ("Jennings" or "plaintiff") seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein.

## PARTIES

1.  Plaintiff Karen S. Jennings is an adult resident citizen of Jefferson County, Alabama. Ms. Jennings currently resides in the City of Birmingham in Jefferson County, Alabama.

2.  Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Jefferson County in Alabama

during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

3. This action is based on the FDCPA, the TCPA, and breach of contract. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

4. Venue is proper under 28 U.S.C. §1391, since the events giving rise to plaintiff's claims occurred within this judicial district and division and since defendant is subject to the general and personal jurisdiction of this Court.

5. Defendant's wrongful activities were directed to this jurisdiction. Plaintiff's rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

6. Santander Consumer USA regularly, continuously, and systematically conducts business in the state of Alabama. For example, Burke Automotive Group, which is one of the largest automobile dealers in the state of Alabama and has new-car franchises with multiple automobile manufacturers and a large used-car business, regularly causes its customers, particularly those with high-risk credit, to contract with Santander for the finance of new and used cars. Santander regularly, continuously, and systematically enters into automobile loan agreements with Burke customers located in the state of Alabama and at other large Alabama

automotive retailers, such as Jim Skinner, Serra, and Tameron. Additionally, Santander regularly, continuously, and systematically repossesses automobiles of Alabama residents who default on Santander automotive loans.

## NATURE OF THE CASE

7.     Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by others, Santander collects the debts in its own name without disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

8.     Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

9.     Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell numbers without prior authorization.

10.    Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day

grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

11.     Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

12.     Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late fees when payments were not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges unlawful fees in the future, but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

13.     Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called.  The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

14. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

## FACTUAL ALLEGATIONS

15. In approximately November 2007, Ms. Jennings purchased a used 2003 Chrysler Town & Country ("the vehicle") from Limbaugh Toyota in Birmingham, Alabama.

16. Ms. Jennings originally financed the vehicle through Drive Financial, LP.

17. In approximately April 2008, Ms. Jennings refinanced the vehicle through HSBC.

18. In approximately 2010, Ms. Jennings began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

19. Since that time, Ms. Jennings has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

20. Santander has repeatedly misled and deceived Ms. Jennings as to the actual balance owed on the vehicle note.

21. Santander has also attempted to coerce and embarrass Ms. Jennings into making additional payments by repeatedly calling Ms. Jennings an excessive

number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Jennings's family members and friends.

22. Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Jennings at her place of employment multiple times per day.

23. Santander has also made a large number of harassing and repeated telephone calls to Ms. Jennings's cell phone, and Santander has used illegal pre-recorded messages, automatic dialers, and predictive dialers in contacting Ms. Jennings on her cell phone.

24. Ms. Jennings has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

25. Santander's agents have also called Ms. Jennings's home telephone number an excessive number of times with the intent to harass.

26. Santander's agents have repeatedly threatened Ms. Jennings in an attempt to collect upon the alleged debt.

27. Santander's agents have attempted to belittle, abuse, and oppress Ms. Jennings in their attempts to collect upon the alleged debt.

28. Santander's agents have left numerous messages on Ms. Jennings's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

29. Ms. Jennings traded the vehicle to Town and Country Ford in Bessemer, Alabama in approximately May 2012.  Despite the fact that Santander's own records show the loan account being paid in full and the title being released to Town and Country Ford, Ms. Jennings continued to receive harassing telephone calls on her cell phone from Santander's agents after the date of payoff.

30. Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

31. Santander's agents have also left messages on Ms. Jennings's cell phone for other consumers who have loan accounts with Santander.

32. Santander's agents continue to call and harass Ms. Jennings regarding these third parties even after she has informed Santander on numerous occasions that the number they are calling is not assigned to the intended recipient.

33. In short, Ms. Jennings has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Jennings by charging fees not authorized in the contract.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments in this complaint as if fully set forth herein.

35. Santander violated 15 U.S.C. §1692b(1) because its agents communicated with persons other than the consumer and failed to provide their identity and state that they are confirming or correcting location information.

36. Santander violated 15 U.S.C. §1692b(2) by telling persons other than the consumer that the consumer owed a debt.

37. Santander violated 15 U.S.C. §1692b(3) by repeatedly communicating with persons other than the consumer without reasonable belief that the earlier response was erroneous or incomplete or that such person now has complete or correct information.

38. Santander violated 15 U.S.C. §1692c(a)(3) by contacting plaintiff at her place of employment after Santander had reason to know the employer prohibited the consumer from receiving such communication.

39. Santander violated 15 U.S.C. §1692c(b) by communication with third parties other than those permitted by that paragraph except as provided in 15 U.S.C. §1692b.

40. Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

8

41. Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

42. Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

43. Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

44. Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

45. Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiff (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

46. Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

47. As a proximate result of Santander's actions, plaintiff was caused to suffer harm.

48. Plaintiff is entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs, attorneys' fees and

such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

50. Santander has violated the TCPA by the calls made to plaintiff. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers without plaintiff's express permission.

51. Santander's actions were done willfully or knowingly.

52. Plaintiff is entitled to an award of statutory damages for Santander's violations of the TCPA.

53. Each call is a separate violation and entitles plaintiff to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiff requests that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

54. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

55. Defendant had a contract with plaintiff or was acting as an agent on behalf of an undisclosed principal.  Santander in either event is liable for the breach.

56. Defendant breached the contract with plaintiff by imposing unauthorized fees, including but not limited to late fees, which were not due.

57. As a consequence of defendant's breach of contract, plaintiff suffered damages.

Wherefore, premises considered, plaintiff demands judgment against Santander for actual and compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff seeks the following relief:

(a) Statutory damages of One Thousand Dollars ($1,000.00) from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(b) Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call for Santander's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) or in the alternative at least Five Hundred Dollars ($500.00) per call;

(c) Costs and reasonable attorneys' fees from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(d) Appropriate injunctive relief requiring Santander to stop violating the FDCPA and the TCPA;

(e) Actual and compensatory damages;

(f) Interest, costs, and attorneys' fees; and

(g) Such further and different relief as the Court may deem appropriate or as plaintiff is entitled to under the law.

## JURY DEMAND

Plaintiff demands trial by struck jury of all issues.

Dated: June 13, 2012

/s/ D. Frank Davis_____
D. Frank Davis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Andrew S. Herring (HER055)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com
aherring@davisnorris.com


### REQUEST FOR SERVICE BY CERTIFIED MAIL

As requested on June 13, 2012, please serve defendants by certified mail pursuant to Federal Rules of Civil Procedure 4(e)(1) at the following addresses:

Santander Consumer USA, Inc.
CT Corporation System
350 N. St. Paul St. Ste. 2900
Dallas, TX 75201